**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

In re:Case No. 26-10181-KKS
FRAZER SCHOOL, INC., Chapter 11
Debtor.
_______________________________________/

**DEFENDANTS' CONSOLIDATED STATEMENT OF UNDISPUTED FACTS AND STATEMENT OF DISPUTED FACTS**

Newberry Christian Community School, Inc. ("NCCS"), James R. Schrader, and Rachel E. Schrader (together, "Defendants") submit this proposed consolidated statement pursuant to paragraphs 2(a) and 2(b) of the Court's Case Management/Pretrial Order (ECF No. 105), and in response to the Court's observation in the Order Granting, in Part, Plaintiff's Expedited Verified Motion for Preliminary Injunction (Adv. Doc. 56) regarding Defendants' engagement with the factual allegations. Paragraphs in Part One marked with an asterisk (*) were stipulated by both parties in the parties' August 12, 2026 exchange. The remaining paragraphs in Part One are proposed by Defendants in neutral, document-anchored form, and Defendants will stipulate to each as stated. Part Two states the facts in dispute together with Defendants' position on each, so that the record reflects Defendants' answer to the Debtor's factual allegations.

**PART ONE – STATEMENT OF UNDISPUTED FACTS**

1.* NCCS holds record title to the real property and improvements at 4700 N.W. 89th Boulevard, Gainesville, Florida 32606 (the "Property"), by deed recorded in the public records of Alachua County.

2.* NCCS acquired the Property subject to a mortgage in favor of Capital City Bank.

3.* Newberry Christian Community School, Inc. is a Florida not-for-profit corporation operating a private school in Gainesville, Florida.

4.* The Frazer School, Inc. is a private school that operates at the Property. The Property houses the Frazer School's school operations, including its students, faculty, staff, and educational programs.

5. James R. Schrader and Rachel E. Schrader are residents of Alachua County, Florida.

6. On May 23, 2025, NCCS acquired record title to the Property and, as borrower, granted Capital City Bank a mortgage and an assignment of rents on the Property securing a loan in the original principal amount of $4,000,000, as reflected in the instruments recorded in the Official Records of Alachua County on May 23, 2025.

7.* A document titled "Lease Agreement," with an effective date of May 23, 2025, identifies NCCS as landlord and the Frazer School as tenant as to the Property. James R. Schrader signed the Lease on behalf of the Frazer School as tenant and on behalf of NCCS as landlord. The Lease provides for monthly rent of $150,000.00.

8. The monthly mortgage debt service on the Property was approximately $41,024 per month at the time of execution of the Lease.

9.* On December 17, 2025, the Frazer School, NCCS, and the Schraders executed the School Transition and Asset Purchase Agreement (the "Agreement"). The Effective Date of the Agreement is December 17, 2025. The signature block for Edge Content, LLC in the copy filed at ECF No. 91 is not executed.

10. The Agreement recites, in its Background section: "NCCS owns the real property and improvements located at 4700 NW 89th Boulevard."

11. Section 2.1 of the Agreement provides that NCCS agrees to sell the Property to an entity selected by the Educator Board and the Lenders, and that the closing shall occur "as soon as reasonably practicable after the Financing . . . is secured, but in no event later than twelve (12) months after the Effective Date."

12. The Agreement provides a formula for the purchase price of the Property. As to the credit included in that formula, the Agreement states: "NCCS acknowledges a credit of $5,119,262.85 already paid by the School to NCCS, which shall be deducted from the Building purchase price." (Quoted in Adv. Doc. 56 at p. 4.)

13. Section 4.5(5) of the Agreement provides for "[r]eimbursement of the verified cash capital actually invested, contributed or paid by NCCS or the Schraders in connection with the acquisition or renovations of the Building," and provides that "the School agrees to enter into a commercially reasonable promissory note with NCCS."

14.* The Closing Deadline under the Agreement has not passed.

15. The Schraders executed a document titled Irrevocable Proxy and Share Purchase Agreement with an effective date of December 18, 2025, the terms of which speak for themselves.

16. The Debtor's 2026 Annual Report, filed with the Florida Division of Corporations on January 7, 2026, identifies Olanrewaju Fayiga, Maxim Dolinsky, and Will Frazer, each with the title Director; changes the Debtor's registered agent to Mr. Fayiga; and changes the Debtor's principal address to 4700 N.W. 89th Boulevard. The Schraders do not appear on it.

17. The Debtor transmitted to NCCS an unsigned proposed Purchase and Sale Agreement concerning the Property. The document attached to ECF No. 91 as Exhibit B is not executed by any party.

18. The Debtor sent letters dated April 22, 2026 and May 13, 2026 demanding that NCCS and the Schraders execute the proposed Purchase and Sale Agreement. The April 22, 2026 letter recites the closing deadline of December 17, 2026.

19. Legal title to the Property has not been conveyed to the Debtor.

20. On March 10, 2026, a Second Mortgage and Security Agreement from NCCS in favor of the Schraders in the stated amount of $1,477,991.00 was recorded in the Official Records of Alachua County, Florida.

21.* In anticipation of closing on the Property, the Frazer School ordered a title search.

22. On May 29, 2026, NCCS filed an eviction action against the Frazer School in the Circuit Court for Alachua County, Florida, Case No. 01-2026-CA-001730, under Fla. Stat. § 83.21, seeking possession of the leased premises. NCCS is the sole plaintiff in that action. The Debtor's Chapter 11 petition, filed fourteen days later, stayed that action.

23.* On June 12, 2026, the Frazer School filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 26-10181-KKS, and on June 19, 2026 it commenced Adversary Proceeding No. 26-01014-KKS. The Frazer School is operating as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108; no chapter 11 trustee or creditors' committee has been appointed.

24. On or about June 9, 2026, the Debtor sent J. Schrader a written demand letter. The letter speaks for itself. No payment was made in response.

25. In the Adversary Proceeding, the Frazer School has asserted claims, including a claim of an equitable ownership interest in the Property.

26. On July 15, 2026, the Court announced its ruling granting in part the Expedited Verified Motion for Preliminary Injunction, and on August 11, 2026 the Court entered its Order Granting, in Part, Plaintiff's Expedited Verified Motion for Preliminary Injunction (Adv. Doc. 56). The terms of the preliminary injunction are as stated in paragraphs 2 through 5 of that Order, including that Defendants are enjoined from further transferring or encumbering the Property "except to Plaintiff, The Frazer School, Inc."

27. On August 4, 2026, the Court granted, on an interim basis, the Debtor's motion for approval of adequate protection payments to Capital City Bank. Payments on the Capital City Bank mortgage loan from December 2025 forward were made on the dates, in the amounts, and from the sources shown in the parties' respective bank records; the parties will exchange a reconciled payment schedule.

28. The cash collateral budget filed by the Debtor at ECF No. 97-1 does not include line items for the mortgage debt service, ad valorem taxes, or escrowed insurance on the Property.

29. Lucy Carman and Judith Hernandez performed bookkeeping services for the Frazer School during portions of the period before the December 2025 transition.

30. On December 6, 2025 at 12:52 p.m., Will Frazer wrote to James Schrader: "I am on board with me and a group taking over the school, but the teachers need to be paid first. . . . If you pay them, I will then sign off on the documents to take over . . . ." On December 6, 2025 at 1:00 p.m., James Schrader responded that he would process payroll that day and deliver checks

Monday morning. On December 8, 2025 at 12:27 p.m., James Schrader wrote: "I have delivered paychecks today. The checking account is funded." On December 8, 2025 at 12:29 p.m., Will Frazer responded: "Thanks for meeting payroll." (December 6–8, 2025 email correspondence between Mr. Frazer and Mr. Schrader.)

31. A conference under Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, was held on August 12, 2026. The parties' joint discovery schedule is being filed separately.

## PART TWO – STATEMENT OF DISPUTED FACTS, WITH DEFENDANTS' POSITIONS STATED

Defendants deny the Debtor's allegations of diversion, concealment, and refusal to abide by the Agreement. So that the record reflects Defendants' answer to the Debtor's factual allegations, Defendants state their position on each disputed fact:

1. Purchaser selection and financing. Defendants contend that the Educator Board and the Lenders never selected a purchasing entity under Section 2.1 of the Agreement, and that no Financing was ever secured; the Second Amended Complaint itself alleges that no financing was secured. Defendants contend that no obligation of NCCS to convey the Property has matured. The parties have stipulated that the Closing Deadline has not passed.

2. The parties' contributions. Defendants contend that the Agreement acknowledges, in Section 4.5(5), the reimbursement of the verified cash capital actually invested, contributed, or paid by NCCS or the Schraders in connection with the acquisition or renovation of the Building, to be repaid by a commercially reasonable promissory note from the School to NCCS, and that this signed acknowledgment answers the allegation that Defendants' capital in the Building is diversion rather than investment.

3. The Lease. Defendants contend that the May 23, 2025 Lease was required in connection with the Capital City Bank financing, and that the $150,000 monthly rent the Debtor characterizes as a badge of fraud is the figure stated in the Lease.

4. The transfers. Defendants deny that the transfers identified in the Debtor's pleadings were diversions, and contend they were rent under the Lease, payroll, loan repayments, reimbursements, construction payments, and ordinary operating payments. Defendants dispute the Debtor's aggregate figures, which characterize gross transactions without accounting for consideration, and note that the Debtor's own filings state at least three different totals for the same alleged conduct.

5. Payroll. Defendants deny that funds were withheld from teachers to force a result, and contend the December 6–8, 2025 correspondence shows payroll was processed and delivered within two days of Mr. Frazer's request and acknowledged by him in writing.

6. The eviction. Defendants contend the eviction action was filed by NCCS alone, after occupancy payments went unpaid, and that the Debtor filed its Chapter 11 petition fourteen days after the eviction action was filed.

7. The second mortgage. Defendants dispute the Debtor's characterization of the March 10, 2026 second mortgage and contend that its consideration, validity, and priority will be established on the recorded instruments and the parties' records.

8. The budget and enrollment. Defendants contend the Debtor's actual enrollment for the 2026-2027 school year, the assumptions underlying the revenue projections in the cash collateral budget, and the Debtor's ability to pay its obligations as they come due, remain unverified and in dispute.

9. The utilities. Defendants dispute that the approximately $30,000 Gainesville Regional Utilities balance is an obligation of NCCS, and contend that the utility charges at issue relate to service at the Property during the January and February 2026 period. From May 2025 through December 2025 the utility accounts, the elevator maintenance contract, and the vendor accounts for the Property were in the name of NCCS.

10. Books and records. Defendants deny that they, or persons acting at their direction, took all of the Frazer School's books and records, and contend that the persons the Debtor identifies as having records are not within Defendants' control.

11. Share ownership. The Debtor's proposed statements concerning the ownership of the Frazer School's stock are internally inconsistent and unverified against the corporate records, and are disputed.

12. Defendants further dispute, as testimonial, characterization, or unverified, the Debtor's proposed facts concerning what individual lenders were told, believed, relied upon, or would have done; the alleged discovery of nonpayment of payroll and of any "diversion"; the alleged breach of promises; the characterization of any transfer as improper; the alleged loan commitment and its prerequisites; the alleged prevention of financing; personal purchases and the tracing of funds; the feasibility of alternative premises; and the alleged taking, possession, or retention of books and records by any person.

Dated: August 13, 2026.

Respectfully submitted,

MICHAEL H. MOODY LAW, P.A.
/s/ Michael H. Moody
Michael H. Moody
Florida Bar No. 66471
Counsel for Newberry Christian Community School, Inc., James R. Schrader and Rachel E. Schrader

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 13, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, as follows:

Steven M. Berman sberman@shumaker.com, doberman@shumaker.com; amatthews@shumaker.com; kperrigan@shumaker.com; belliott@shumaker.com
Jason H. Egan jason.h.egan@usdoj.gov
Kevin A. Forsthoefel kforsthoefel@ausley.com, kreffitt@ausley.com
Michael Howard Moody Michael.Moody@MichaelHMoodyLaw.com, MichaelHMoodyLawPA@jubileebk.net; Monica.Shannon@MichaelHMoodyLaw.com
Ari Newman newmanar@gtlaw.com, perezan@gtlaw.com
Katharine Grace Perrigan kperrigan@shumaker.com, dturner@shumaker.com
United States Trustee USTPRegion21.TL.ECF@usdoj.gov

*/s/* Michael H. Moody
Michael H. Moody